UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

- against -                                        **MEMORANDUM & ORDER**

TYSHEEN COOPER, et. al.,                                17-CR-296 (PKC)

                            Defendants.
-------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

Pending before the Court are Defendants Tysheen Cooper and Michael Liburd's motions[1]

seeking: (1) dismissal of the indictment and (2) severance of some of the counts charged against

Defendants.  For the reasons discussed herein, Defendants' motions are denied in their entirety.[2]

## BACKGROUND

On November 9, 2017, Defendants Michael Liburd, Sharod Liburd, Maurice Washington,

and Tysheen Cooper were indicted on several charges, including racketeering and racketeering

conspiracy in violation of 18 U.S.C. § 1962(d).  (Dkt. 32.)  The racketeering activity charged in

the Superseding (S-1) Indictment includes: (1) obstruction of justice, witness tampering, and

Hobbs Act robbery and robbery conspiracy; (2) acts involving state law murder, extortion, and

robbery; and (3) narcotics offenses.  (*Id.* at ¶¶ 6–9.)  Defendants Michael Liburd, Cooper, and

Washington are also charged with the substantive offenses of murder in aid of racketeering and

murder conspiracy, in connection with the murder of Antwon Flowers.  (*Id.* at ¶¶ 11–20.)

---

[1] Defendants Cooper and Michael Liburd filed motions seeking dismissal of the indictment and severance.  (Liburd Motion, Dkt. 134; Cooper Motion, Dkt. 137.)  At the July 29, 2019 oral argument on these motions, Defendants Washington and Sharod Liburd indicated that they also joined in these motions.

[2] The Court announced its decision from the bench at the oral argument in this matter on July 29, 2019, indicating that a written decision would follow.

The superseding indictment alleges that Defendants are members of the West End Enterprise, a gang composed of individuals residing in and around certain apartment complexes located in the western end of the Coney Island neighborhood in Brooklyn, which is an "enterprise" as defined in 18 U.S.C. § 1961(4), for purposes of the racketeering charges. (*Id.* at ¶¶ 1–2, 5.) The superseding indictment further alleges that the West End Enterprise "constitutes an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise," such as "enriching the members and associates of the enterprise through criminal activity, including . . . robbery[,]" and "preserving and protecting the power, territory and criminal ventures of the enterprise through the use of intimidation, threats of violence and acts of violence, including murder, attempted murder, robbery and assault." (*Id.* at ¶¶ 2–3.) In addition, the West End Enterprise allegedly uses "robbery as a means of obtaining money" and "to enhance the enterprise's prestige." (*Id.* at ¶ 4(a)–(b).)

On November 20, 2017, Defendants Cooper and Sharod Liburd entered a plea of not guilty to all counts of the Superseding (S-1) Indictment (Dkt. 36); Maurice Washington entered a plea of not guilty to counts 1 through 6 (Dkt. 40). Michael Liburd pleaded not guilty to counts 1 through 9 on November 21, 2017.[3] (Dkt. 45.) On December 5, 2018, Defendant Sharod Liburd filed a motion seeking: (1) dismissal of the indictment; (2) severance of his trial from that of his co-defendants; and (3) the Court's recusal from these proceedings. (Dkt. 116, at 1.) That motion was denied in its entirety on January 24, 2019. (*See generally* Memorandum and Order, Dkt. 125.)

---

[3] Defendants have all since pled guilty to these charges and are awaiting sentencing. (Sept. 24, 2019 Minute Entry; Sept. 25, 2019 Minute Entry.) However, the Court notes that Defendant Michael Liburd is now seeking to vacate his guilty plea. (Dkt. 202.)

In April and May of 2019, Defendants Liburd and Cooper filed motions seeking dismissal of the superseding indictment and severance of various counts. (*See* Dkts. 134, 137.) The Court held oral argument on these and other[4] motions on July 29, 2019. (July 29, 2019 Minute Entry.)

## DISCUSSION

### I.    Defendants' Motion to Dismiss the Indictment

Defendants seek to dismiss the charges against them on the basis that the government has failed to sufficiently allege the existence of a RICO enterprise. (Michael Liburd Brief ("Liburd Br."), Dkt. 134-1, at 3–9; Tysheen Cooper Brief ("Cooper Br."), Dkt. 137, at 4–10.) Specifically, they argue that the Superseding Indictment fails to allege the existence of an enterprise or a pattern of conduct necessary for a racketeering conspiracy within the meaning of 18 U.S.C. § 1961(4). (Liburd Br., Dkt 134-1, at 3; Cooper Br., Dkt. 137, at 4.) The government responds that it has sufficiently pled the existence of an association-in-fact, identified as the "West End Enterprise" in the superseding indictment, and that Defendants' arguments raise factual objections that can only be raised and argued before a jury. (Dkt. 145, at 12–18.) The Court agrees.

### A.    Legal Standard

Federal Rule of Criminal Procedure 7 dictates that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R.

---

[4] In addition to the motions to dismiss the superseding indictment and for severance, Defendant Washington filed a motion to suppress the fruits of two separate wiretaps authorized in 2015 and 2016, to suppress post-arrest statements pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), and to preclude the government from introducing evidence of Washington's previous guilty plea to a narcotics conspiracy. (*See* Washington Corrected Motion to Suppress, Dkt. 139; Washington Second Motion to Suppress, Dkt. 152.) All Defendants also brought a variety of discovery related motions. (*See* Dkts. 134, 137, 138, 139, 152.) At oral argument, Washington withdrew his motion as to his post-arrest statements and the Court denied his remaining motions to suppress. (*See* July 29, 2019 Minute Entry.) The Court granted in part and denied in part Defendants' discovery motions. (*See id.*)

Crim. P. 7(c)(1).  "An indictment is sufficient if it 'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)); *see also United States v. De La Pava*, 268 F.3d 157, 162 (2d Cir. 2001) ("An indictment must sufficiently inform the defendant of the charges against him and provide enough detail so that he may plead double jeopardy in a future prosecution based on the same set of events."); *United States v. Pirro*, 212 F.3d 86, 91 (2d Cir. 2000) ("A criminal defendant is entitled to an indictment that states the essential elements of the charge against him.").  "In reviewing a motion to dismiss an indictment, the Court must take the allegations of the indictment as true." *United States v. Skelos*, No. 15-CR-317 (KMW), 2015 WL 6159326, at *2 (S.D.N.Y. Oct. 20, 2015) (citing *Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n.16 (1952); *New York v. Tanella*, 374 F.3d 141, 148 (2d Cir. 2004)).

"It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as [it] . . . fully, directly, and expressly, without any uncertainty or ambiguity, set[s] forth all the elements necessary to constitute the offence intended to be punished." *Hamling*, 418 U.S. at 117 (internal quotation marks and citation omitted).  "A pretrial motion to dismiss an indictment must not weigh the sufficiency of the evidence." *United States v. Tucker*, No. 16-CR-91 (PKC), 2017 WL 3610587, at *2 (S.D.N.Y. Mar. 1, 2017) (citing *United States v. Alfonso*, 143 F.3d 772, 777 (2d Cir. 1998)).  Since an indictment "need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crimes," *United States v. Yannotti*, 541 F.3d 112, 127 (2d Cir. 2008) (quoting *Alfonso*, 143 F.3d at 776), "dismissal of an indictment is an 'extraordinary remedy' reserved only for extremely limited

circumstances implicating fundamental rights," *De La Pava*, 268 F.3d at 165 (citation omitted); *see also United States v. Sammy*, 763 F. App'x 45, 46 (2d Cir. 2019) (summary order).

### B.    Dismissal of the Superseding Indictment is Not Warranted

Pursuant to Fed. R. Crim. P. 7(c), RICO conspiracy indictments are sufficient "if they identify an enterprise, name the defendant as someone associated with that enterprise, allege that the defendant conspired to violate RICO, specify the time period during which the conspiracy operated, list specific types of predicate crimes allegedly committed, and discuss in detail the means and methods of the conspiracy." *United States v. Raniere*, 384 F. Supp. 3d 282, 300 (E.D.N.Y. 2019). To satisfy this rule, the government is not required to "specify underlying offenses that are elements of predicate acts or those underlying offenses' elements." *Id.*

Here, the superseding indictment fully satisfies the requirements for alleging an enterprise and RICO charge. Specifically, it identifies and alleges the existence of the West End Enterprise ("the Enterprise") (Dkt. 32, at ¶¶ 1–4); it also alleges that Defendants were members of the Enterprise (*id.* at ¶ 5), that the Defendants participated in affairs of the Enterprise through a pattern of racketeering activities affecting interstate commerce during a specified time frame and as part of a conspiracy to violate RICO (*id.* at ¶¶ 7, 12), and that each Defendant, as part of the conspiracy, agreed that he would commit at least two acts of racketeering in the conduct of the affairs of the Enterprise (*id.* at ¶ 8). Finally, it details the means and methods of the enterprise. (*Id.* at ¶ 4). The "racketeering activity" is alleged to include obstruction of justice, witness tampering, Hobbs Act robbery, narcotics trafficking, and acts involving murder. (*Id.* at ¶¶ 8, 11–19.) Because the government's allegations in the superseding indictment clearly track and satisfy the elements, if proven, of the charged racketeering-related counts, they are sufficient under Rule 7(c). *See Rainere*, 384 F. Supp. 3d at 300.

Defendants' arguments to the contrary are unavailing. First, Defendants assert that the government has failed to sufficiently allege the existence of an enterprise. (Liburd Br., Dkt. 134-1, at 7–9; Cooper Br., Dkt. 137, at 4–10.) However, the arguments in support of their claim reveal that the true nature of Defendants' objections are not the sufficiency of the allegations, but rather the sufficiency of the factual and evidentiary support that the government will likely use to prove the existence of the Enterprise at trial. Defendant Michael Liburd, for example, argues that "the West End Enterprise is an over-encompassing term that generally refers to several individuals from several housing projects in their entirety, is not distinct at all, and cannot by itself constitute a RICO enterprise." (Liburd Br., Dkt. 134-1, at 8–9.) Likewise, Defendant Cooper argues that "[t]he allegation of the existence of a West End Enterprise is a falsely cobbled together notion of a non-existent enterprise. It is a figment of the prosecution[']s made for TV notion of an enterprise." (Cooper Br., Dkt. 137, at 6.) However, "a court cannot test the sufficiency of the government's evidence on a Rule 12(b) motion." *United States v. Sampson*, 898 F.3d 270, 282 (2d Cir. 2018). Rather, sufficiency of the evidence is to be determined through trial of the general issue, *e.g.*, "whether the defendant is guilty of the offense charged." *United States v. Doe*, 63 F.3d 121, 125 (2d Cir. 1995); *see also Sampson*, 898 F.3d at 279–80 (noting that "[c]onspicuously absent from the Federal Rules of Criminal Procedure, however, is an analogue for summary judgment under Federal Rule of Civil Procedure 56," so that "although a judge may dismiss a civil complaint pretrial for insufficient evidence, a judge generally cannot do the same for a federal criminal indictment"). As the Court acknowledged at oral argument, Defendants' arguments are not necessarily without merit, but they are arguments to be made at trial, after the government has presented the evidence it believes supports the allegations in the indictment.

Defendants also contend that an indictment must allege an enterprise in terms of a specific street gang or crime family.  (Liburd Br., Dkt 134-1 at 8.)  However, as the government correctly notes, the RICO statute does not require that an enterprise be a nationally named gang, but may allege an enterprise that is an association-in-fact.  The Supreme Court has held that an association-in-fact can be considered an enterprise under RICO as long as "it is apparent that [the] association-in-fact enterprise [] ha[s] at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose."  *Boyle v. United States*, 556 U.S. 938, 946 (2009).  The definition of "enterprise" is intended to have a "wide reach," based on the statute's broad enumeration of included enterprises, and the use of the word "any."  *Id.* at 944 (collecting cases).  No strict organizational structure is required, and "a group that does nothing but engage in extortion through old-fashioned, unsophisticated, and brutal means may fall squarely within the statute's reach."  *Id.* at 948.  The Second Circuit has recognized numerous times that associations-in-fact can be sufficient to find the existence of a RICO enterprise.  *See, e.g.*, *United States v. Payne*, 591 F.3d 46, 60–61 (2d Cir. 2010) (finding individuals distributing narcotics in the East New York section of Brooklyn were appropriately charged as an enterprise because they acted in concert with a common criminal purpose); *see also United States v. Pierce*, 785 F.3d 832, 838–39 (2d Cir. 2015) (finding that a violent Bronx street gang recruiting and trafficking drugs around a public housing complex, charged as an association-in-fact under a government-dubbed moniker, was a legally valid enterprise); *United States v. Edwards*, 214 F. App'x 57, 63 (2d Cir. 2007) (summary order) (holding that despite an alleged lack of organizational infrastructure and decision-making apparatus, an enterprise nonetheless existed because the crew members coordinated efforts to serve "their common goal of protecting a defined geographical area from incursion by other drug

7

dealers"); *United States v. Dixon*, 167 F. App'x 841, 843–44 (2d Cir. 2006) (summary order) (finding an enterprise where evidence demonstrated that an association named the "Patio Crew" had "a core membership that remained constant over a twelve-year period," and that the crew "established and protected" a narcotics-sales territory, shared opportunities to sell narcotics in other states, and enforced a prohibition on cooperation with law enforcement by inflicting retribution on cooperators).

Defendant Michael Liburd's argument that the enterprise is insufficiently pled because it does not distinguish between Defendants and the enterprise (Liburd Br., Dkt. 134-1, at 9 n.1) also fails. Defendant is correct that the RICO statute "creates a pleading requirement of distinctness: 'to establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a "person"; and (2) an "enterprise" that is not simply the same "person" referred to by a different name.'" *Zavala v. Wal-Mart Stores, Inc.*, 447 F. Supp. 2d 379, 382 (D.N.J. 2006) (quoting *Cedric Kushner Promotions, Ltd. V. King*, 533 U.S. 158, 161 (2001)), *aff'd*, 691 F.3d 527 (3d Cir. 2012). However, the cases cited by Defendant in favor of this proposition are inapposite because they all concern a corporate defendant that was not sufficiently distinct from the alleged enterprise. Here, Michael Liburd, as an individual, cannot be conflated with the alleged enterprise. Rather, Michael Liburd's objection is that "[i]f the West End Enterprise is deemed an enterprise within the meaning of the statute, then [Defendant] Liburd is necessarily, and simultaneously, an associate of all of the criminal enterprises from these apartment complexes, which this Court is well aware would be an impossibility on many levels." (Liburd Br., Dkt. 134-1, at 9.) In other words, his argument is that the government cannot demonstrate that he is a member of the Enterprise versus some other criminal enterprise or enterprises existing in the same apartment complexes. However, this is once again an issue that can only be resolved once the government

has presented the facts in support of its charges and therefore does not support dismissal of the indictment.

Finally, Defendants also argue that "the pattern of racketeering alleged and the substantive counts [] alleged in this indictment are unrelated and unconnected" (Cooper Br., Dkt. 137, at 8), and that the government has failed to allege that the enterprise is separate and apart from the alleged pattern of racketeering (Liburd Br., Dkt. 134-1, at 8). The Court finds these arguments unavailing.

In order to establish a pattern under a RICO conspiracy charge, the Government must show that the defendants agreed to commit two or more crimes within ten years that "are related to each other and to the enterprise, and together pose a threat of continuing criminal activity." *United States v. Napout*, No. 15-CR-252 (PKC), 2017 WL 4083571, at *4 (E.D.N.Y. Sept. 13, 2017) (citing, *inter alia*, *United States v. Vernace*, 811 F.3d 609, 615 (2d Cir. 2016)). In other words, *at trial*, the government must prove "relatedness" and "continuity" components of a RICO pattern. *Reich v. Lopez*, 858 F.3d 55, 59 (2d Cir. 2017). But, once again, "there is a difference between what the Government must prove at trial and what it must plead in the indictment." *Raniere*, 384 F. Supp. 3d at 301 (citing *United States v. Messina*, No. 11-CR-31 (KAM), 2012 WL 463973, at *4 & n.1 (E.D.N.Y. Feb. 13, 2012) (rejecting pre-trial challenge to "relatedness" in a criminal RICO case as premature)). "[T]he government does not have to plead either subpart of the 'pattern' element—relatedness or continuity—with [ ] particularity . . . and [ ] at most, an indictment need only specify predicate acts 'that evidence continuity and relatedness.'" *Id.* (citing, *inter alia*, *United States v. Giovannelli*, No. 01-CR-749 (JSR), 2004 WL 48869, at *3 (S.D.N.Y. Jan. 9, 2004) ("To allege a pattern of racketeering activity, the indictment must specify at least two

racketeering acts within a 10-year period, that evidence continuity and relatedness.") (internal citations omitted)).

Here, the superseding indictment describes the alleged Enterprise (Dkt. 32, at ¶¶ 1–2) and its purpose, means, and methods (*id.* at ¶¶ 3–4), and alleges that the Defendants each committed different types of crimes between 2011 and October 2017 in furtherance of the Enterprise and consistent with its means and methods (*id.* at ¶ 8).  It also alleges that each Defendant agreed that a conspirator would commit at least two acts of the racketeering activity in the conduct of the affairs of the enterprise.  (*Id.* at ¶ 8.)  These allegations "evidence continuity and relatedness," *Giovannelli*, 2004 WL 48869, at *3, and are sufficient to allege the "pattern" element of a RICO conspiracy.  If there is a dispute about the sufficiency of the evidence, the concern "is not appropriately addressed on a pretrial motion to dismiss the indictment," but on a post-trial motion pursuant to Federal Rule of Criminal Procedure 29 for a judgment of acquittal.  *Messina*, 2012 WL 463973, at *4; *see also Sampson*, 898 F.3d at 282 ("[A] court cannot test the sufficiency of the government's evidence on a Rule 12(b) motion.").

*        *        *

The government has sufficiently alleged both the existence of an enterprise and a pattern of racketeering behavior, and a grand jury has made a probable cause finding as to both.  Therefore, there is no basis for the Court to make a premature factual determination that the government lacks sufficient evidence to support these allegations.  Defendants' motion to dismiss the Superseding (S-1) Indictment is denied.

## II.    Defendants' Motion to Sever

Since the Court has denied Defendants' motion to dismiss the indictment, it now considers Defendants Michael Liburd and Cooper's motions to sever.  Michael Liburd and Cooper each

move to sever certain counts of the Superseding (S-1) Indictment on the ground that they are improperly joined with the other counts. Michael Liburd moves to sever counts seven through nine, which relate to his alleged acts to obstruct the investigation of counts one through six (Liburd Br., Dkt 134-1, at 10), and Cooper moves to sever counts ten through twelve, which arise from a May 24, 2017 Hobbs Act robbery (Cooper Br., Dkt. 137, at 10–14).

**A.    Joinder**

1.    <u>Legal Standard</u>[5]

Federal Rule of Criminal Procedure 8(b) provides for joinder of defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Under Rule 8(b), there is a strong presumption of a joint trial where defendants have been properly charged together in a single indictment, particularly where the crime charged involves a common scheme or plan. *United States v. Ramos*, 346 F. Supp. 2d 567, 569 (S.D.N.Y. 2004). Thus, "a non-frivolous conspiracy charge" is generally sufficient to support joinder. *United States v. Nerlinger*, 862 F.2d 967, 973 (2d Cir. 1988).

---

[5] Although Defendants Michael Liburd and Cooper argue that joinder is inappropriate pursuant to Federal Rule of Civil Procedure 8(a), which permits joinder of offenses against a single defendant, as the government correctly notes, "when a defendant in a multiple-defendant case challenges joinder of offenses, his motion is made under 8(b) rather than 8(a)." *United States v. Turoff*, 853 F.2d 1037, 1043 (2d Cir. 1988); *see* Fed. R. Crim. P. 8(a) (permitting joinder of charges against a single defendant in the same indictment when charges are: (1) "of the same or similar character," or (2) "based on the same act or transaction," or (3) "connected with or constitute parts of a common scheme or plan"). However, even if the Court applied the Fed. R. Crim. P. 8(a) standard to Michael Liburd and Cooper's joinder claims, the outcome would be the same, given that "8(b) provides a more restrictive test when multiple defendants are involved." *Turoff*, 853 F.2d at 1042–43.

11

2.    <u>Joinder of All Counts in the Superseding Indictment is Appropriate</u>

Defendants Michael Liburd and Cooper argue that counts seven through nine, and ten through twelve, respectively, charge crimes that are not part of the underlying racketeering conspiracy and therefore are not part of the same act or transaction, making joinder improper. (Liburd Br., Dkt 134-1, at 11; Cooper, Dkt. 137, at 10–12.)  The Court disagrees.

First, the Court has already found that the joinder of counts ten through twelve is appropriate.  *See United States v. Liburd*, No. 17-CR-296 (PKC), 2019 WL 319392, at *7 (E.D.N.Y. Jan. 24, 2019).  Moreover, it is clear that the counts Defendants Michael Liburd and Cooper seek to sever are, in fact, related to the RICO conspiracy counts alleged in counts one through six, in that these actions constitute the "means and methods" of the Enterprise used to support its racketeering activity.  (Dkt. 32, ¶¶ 4, 8.)  "[W]here a series of acts are properly alleged as a pattern of racketeering activity, those acts 'constitute part of a "series of acts or transactions constituting an offense" within the meaning of Rule 8(b).'"  *United States v. Triumph Capital Grp., Inc.*, 260 F. Supp. 2d 432, 438 (D. Conn. 2002) (quoting *United States v. Weisman*, 624 F.2d 1118, 1129 (2d Cir. 1980), *abrogated on other grounds by United States v. Indelicato*, 865 F.2d 1370, 1381–82 (2d Cir. 1989) (*en banc*)).   Accordingly, joinder of all counts of the superseding indictment here is appropriate.  *See United States v. Moran*, No. 11-CR-6083 (CJS), 2013 WL 6408124, at *3 (W.D.N.Y. Nov. 26, 2013) ("The narcotics counts are properly joined with the [assault] counts because the narcotics offenses constitute the racketeering activity engaged in by the enterprise sought to be promoted by the alleged assault."), *report and recommendation adopted*, 2015 WL 641825 (W.D.N.Y. Feb. 13, 2015); *United States v. Butler*, No. 04-CR-340 (GEL), 2004 WL 2274751, at *4 (S.D.N.Y. Oct. 7, 2004) ("While the commission of the offense and the subsequent cover-up are distinct offenses, they form an integrally connected whole as a

12

series of acts or transactions having a logical relationship.  They arise out of a common nucleus of facts such that a reasonable person would easily recognize the common factual elements.") (internal quotations and citations omitted); *see also United States v. Amato*, 15 F.3d 230, 236 (2d Cir. 1994) ("Joinder is proper where the same evidence may be used to prove each count.") (citation omitted); *United States v. Rastelli*, 653 F. Supp. 1034, 1043 (E.D.N.Y. 1986) ("Given this commonality of proof, the false declaration and obstruction of justice offenses are adequately connected together for the purposes of Rule 8.").

      **B.**    **Severance**

          1.   <u>Legal Standard</u>

Even where joinder is proper under Rule 8(b), as is the case here, a defendant may move for severance pursuant to Federal Rule of Criminal Procedure 14(a), which permits a court to sever a defendant's trial "[i]f the joinder of offenses or defendants . . . appears to prejudice a defendant." Fed. R. Crim. P. 14(a); *United States v. Spinelli*, 352 F.3d 48, 54 (2d Cir. 2003).  Given the "preference in the federal system for joint trials of defendants who are indicted together," severance is generally granted only where "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  *Zafiro v. United States*, 506 U.S. 534, 537, 539 (1993); *see also United States v. Ventura*, 724 F.2d 305, 312 (2d Cir. 1983) ("We have held repeatedly that, absent a showing of substantial prejudice, defendants who are jointly indicted should be jointly tried."); *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011) ("[T]he defendant [must] demonstrate[] that the failure to sever [would] cause[] him substantial prejudice in the form of a miscarriage of justice.").  Thus, the determination of whether joinder creates a sufficient risk of prejudice to warrant a separate trial "is highly fact-specific and must be evaluated

on a case-by-case basis." *United States v. Barret*, 824 F. Supp. 2d 419, 433 (E.D.N.Y. 2011) (citing *Zafiro*, 506 U.S. at 539).

The Second Circuit has long recognized that, as a general matter, separate trials are not warranted merely because the cases against each defendant involve differing levels of culpability and proof. *See Spinelli*, 352 F.3d at 55; *United States v. Carson*, 702 F.2d 351, 366–67 (2d Cir. 1983). Though such circumstances may create some amount of potential prejudice, "[t]he risks of prejudice attendant in a joint trial are presumptively outweighed by the conservation of time, money, and scarce judicial resources that a joint trial permits." *United States v. Jimenez*, 824 F. Supp. 351, 366 (S.D.N.Y. 1993). To overcome this presumption, the defendant seeking severance must demonstrate the potential for "prejudice so substantial as to amount to a miscarriage of justice." *United States v. Friedman*, 854 F.2d 535, 563 (2d Cir. 1988) (internal quotation marks and citation omitted).

As the Second Circuit explained in affirming the district court's denial of severance in the multi-defendant RICO prosecution in *United States v. DiNome*:

> [In a RICO prosecution,] the government must prove an enterprise and a pattern of racketeering activity as elements of a RICO violation. Proof of these elements may well entail evidence of numerous criminal acts by a variety of persons, and each defendant in a RICO case may reasonably claim no direct participation in some of those acts. Nevertheless, evidence of those acts is relevant to the RICO charges against each defendant, and the claim that separate trials would eliminate the so-called spillover prejudice is at least overstated if not entirely meritless.

954 F.2d 839, 843 (2d Cir. 1992) (internal citation omitted); *accord United States v. James*, 712 F.3d 79, 104 (2d Cir. 2013). It is presumed that jurors are competent to differentiate among defendants, and "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539; *see also United States v. James*, 712 F.3d 79, 104 (2d Cir. 2013) (affirming denial of severance motion based on supposed prejudicial spillover where

14

allegedly prejudicial evidence of defendant's co-conspirator committing two murders "was [also] relevant to the racketeering charges against [the defendant] to prove the formation, existence, and nature of the racketeering enterprise . . . as well as to show the pattern of racketeering activity"); *United States v. Diaz*, 176 F.3d 52, 104–05 (2d Cir. 1999) (affirming denial of severance in multi-defendant, multi-count RICO action and rejecting argument that "the issues were . . . beyond the jury's competence" due to "the length of trial, the complexity of factual and legal issues, and the large number of defendants, witnesses and crimes charged"); *United States v. Casamento*, 887 F.2d 1141, 1149 (2d Cir. 1989) (affirming denial of severance in twenty-one defendant trial involving numerous criminal counts that "spanned more than seventeen months, produced more than forty-thousand pages of trial transcript, and . . . involved the introduction of thousands of exhibits and the testimony of more than 275 witnesses").

### 2.    Severance is Not Warranted

Defendants Michael Liburd and Cooper argue that, even if the counts are properly joined, severance is nonetheless warranted because they will still be significantly prejudiced if joinder of these counts are allowed for trial.  (Liburd Br., Dkt. 134-1, at 12; Cooper Br., Dkt. 137, at 12–14.) Michael Liburd states that he will suffer prejudice if his counts are not severed from the murder counts in the indictment, arguing that "[e]ven the strongest limiting instructions will not prevent the jury from carrying over the murder evidence to the [obstruction of justice] counts and vice versa."  (Liburd Br., Dkt. 134-1, at 13.)  Likewise, Cooper argues that "[t]he prejudicial spillover [from the murder charges he] would face would be insurmountable."  (Cooper Br., Dkt. 137, at 13.)  The Court is not persuaded.

"Spillover prejudice may justify a severance . . . only where there is a risk that 'evidence that the jury should not consider against a defendant and that would not be admissible if a

defendant were tried alone is admitted against a codefendant.'" *United States v. Nance*, 168 F. Supp. 3d 541, 553 (W.D.N.Y. 2016) (quoting *Zafiro*, 506 U.S. at 539).  "However, claims of prejudicial spillover rarely succeed, particularly in the context of conspiracy cases because the evidence could be admitted in the separate trials." *United States v. Rittweger*, 259 F. Supp. 2d 275, 285 (S.D.N.Y. 2003) (collecting cases).  Such is the case here.  The counts that Defendants seek to sever are included as predicate acts in support of the alleged RICO conspiracy.  Therefore, at a separate trial for these counts, the Government would still be entitled to offer evidence of the RICO conspiracy and enterprise in support of the obstruction of justice and Hobbs Act robbery charges.  *See id.* at 284 ("Furthermore, at trial, evidence of both conspiracies and both sets of charges would be admissible as background evidence."); *see also Nance*, 168 F. Supp. 3d at 554 ("In this case, even if the Government does not allege that [the defendant] committed any of the violent acts alleged in the RICO conspiracy charge, such evidence would still likely be admissible against [the defendant], as well as his co-defendants, as evidence of the scope of the alleged RICO conspiracy."); *United States v. Forde*, 699 F. Supp. 2d 637, 644–45 (S.D.N.Y. 2010) (noting that "much of the evidence that would be offered against [the defendant] at a joint trial would likely be admissible against him in an individual trial in light of the fact that he has been charged with conspiracy").  Therefore, in light of the allegations of a RICO conspiracy, there is no risk of spillover prejudice by trying all counts of the superseding indictment together.

Moreover, "[n]ot only is severance not justified because of the inherent nature of the RICO charges, but the prejudice also does not outweigh the court's interest in judicial efficiency which would be undermined by severing these trials." *United States v. Locascio*, 357 F. Supp. 2d 536, 546 (E.D.N.Y. 2004).  "[R]equiring the government to divide its evidence of the RICO counts and parse it . . . would place an unnecessary burden on the government to divide up its case." *Id.*  In

fact, "the preference for joint trial is 'particularly strong' (and the basis for severance is particularly weak) where codefendants 'are alleged to have participated in a common plan or scheme.'" *United States v. Contreras*, 216 F. Supp. 3d 299, 304–05 (W.D.N.Y. 2016) (quoting *United States v. Salameh*, 152 F.3d 88, 115 (2d Cir. 1998)).  Here, severance would require the government to present the same evidence as to the underlying RICO conspiracy and enterprise at least twice to show how the charges in counts seven through twelve were the means and methods used by the enterprise in furtherance of its racketeering activities.  Furthermore, as the Court previously ruled in *Liburd*, "any *undue* prejudice to Defendant[s] may be addressed through means other than severance, such as *in limine* motions and curative instructions," 2019 WL 319392, at *7 (emphasis in original), such as instructions directing the jury to consider the specific evidence offered for each count.

Therefore, as again held in *Liburd*, "[t]he arguments presented by [Defendants Michael Liburd and Cooper] in favor of severance do not outweigh the benefits of a joint trial in terms of promoting efficiency, avoiding inconsistent verdicts, minimizing inconvenience to witnesses, preserving judicial resources, and avoiding delays."  *Id*. at *7 (citing *Zafiro*, 506 U.S. at 537; *Jimenez*, 824 F. Supp. at 366; *United States v. Chang An-Lo*, 851 F.2d 547, 556 (2d Cir. 1988)).  Accordingly, Defendants Michael Liburd and Cooper's severance motions are denied.

## CONCLUSION

For the foregoing reasons, the Court denies, in their entirety, Defendants' motions to dismiss the indictment and to sever their trials from that of their co-defendants.

SO ORDERED.

*/s/ Pamela K. Chen*

Pamela K. Chen
United States District Judge

Dated: May 8, 2020
        Brooklyn, New York