UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

        - against -                    **MEMORANDUM & ORDER**
                                                   17-CR-296 (PKC)

MICHAEL LIBURD,

                 Defendant.
----------------------------------------------------------X

PAMELA K. CHEN, United States District Judge:

Defendant Michael Liburd has filed a series of *pro se* motions, which the Court now resolves in a single omnibus Order.[1] For the reasons discussed herein, Liburd's motions are denied in their entirety.

## BACKGROUND

**I.    Defendant Liburd's *Pro Se* Motions**

Given the volume and repetitiveness of Liburd's *pro se* motions, the Court summarizes the motions and issues presented in his numerous filings[2]:

---

[1] Although Liburd complains about the "laps[e] of time" with respect to the resolution of his motions (*e.g.*, Dkt. 300), any delay was due to the fact that each time Liburd requested and obtained new counsel, the Court directed his new lawyer to review Liburd's *pro se* motions with him and advise the Court whether he still wanted to pursue the motions. (*See*, *e.g.*, 7/23/19 Docket Order (noting that "[t]he Court has received a second *pro se* submission from Defendant Michael Liburd, this time requesting a change of venue and the Court's recusal. Once again, the Court directs Liburd's counsel to confer with their client concerning these requests, which will be discussed at the oral argument on July 29, 2019."); Dkt. 260 (4/28/21 letter from lawyer who preceded Defendant's current counsel advising the Court that Defendant "wished to continue to pursue the *Pro Se* Motion.").)

[2] The Court had difficulty understanding the points Liburd sought to make in some of his submissions, which the Court has liberally construed.

1. Motion for a "judicial inquisition" into the grand jury proceedings in this case and *United States v. Michael Liburd*, 17-CR-178 (PKC) (VMS) (Dkts. 150, 228, 247, 255)[3];

2. Motion for a change of venue and the Court's recusal (Dkts. 151, 265);

3. Motion to remove surplusage from the Superseding Indictment (Dkt. 153);

4. Motion to dismiss Counts One through Nine of the Superseding (S-1) Indictment for lack of jurisdiction, the government's failure to provide discovery, and violations of unspecified constitutional rights (Dkts. 153, 156, 291, 293, 294, 295, 299)[4];

5. Motion to dismiss all counts charged under 18 U.S.C. § 924(c) against him, specifically Counts Two and Six of the Superseding Indictment (Dkts. 291, 294, 301)[5];

6. Request for an "evidentiary hearing in order for the defendant to be informed of [the] nature and cause of the accusation" (Dkts. 276, 291).

## DISCUSSION

### I. Motion for a "Judicial Inquisition" into the Grand Jury Proceedings

Liburd requests a "judicial inquisition" into the grand jury proceedings in this case and his prior prosecution in this district, *United States v. Michael Liburd*, 17-CR-178 (PKC) (VMS).[6] As

---

[3] There is a question as to whether Liburd has withdrawn this motion. On July 15, 2020, after being appointed as Liburd's counsel, Peter Baldwin, Esq. filed a letter indicating that Defendant wished to withdraw his *pro se* motion at Dkt. 228 for a "judicial inquisition" into the grand jury proceedings. (Dkt. 229.) However, because Liburd has since reiterated his request for this relief (*see* Dkts. 247, 255), the Court addresses it.

[4] It is difficult to determine what arguments or requests, if any, Liburd makes in his submissions docketed as Dkts. 302 and 303, which largely recite holdings in different cases relating to the Section 924(c) "crime of violence" issue.

[5] The Court does not address this request because it is moot. Counts Two and Six of the Superseding Indictment were dismissed, with the government's consent, on December 4, 2020. (Dkt. 245.)

[6] In the 17-CR-178 case, Liburd was indicted on a single count of aiding and abetting the obtaining of kickbacks from New York City Housing Authority employees, through force, intimidation, and other means, in violation of 18 U.S.C. §§ 824 and 2. Liburd pled guilty to that charge on August 23, 2017. Liburd was sentenced to a term of 50 months' incarceration in that case on October 15, 2018. Liburd was indicted in the Superseding (S-1) Indictment in the instant case on November 9, 2017. (17-CR-296, Dkt. 32.) In July 2019, Liburd began filing *pro se* letters

2

grounds for this request, Liburd states that he "strongly believes there is a governmental cover up taking place in this [17-CR-178] prosecution in order to hide that the government may have withheld evidence from the original grand jury and withheld discovery from me and prejudiced[7] the knowingly voluntarily intelligently plea process."[8] (17-CR-178, Dkt. 53, at 1–2.) Liburd further elaborates:

> [T]he government knew it was in possession of evidence of prior criminal acts, that they fully intented to present to a grand jury and should have done so at the same time the original grand jury had convened and voted on 1:17-cr-00178 (ARR)[9] indictment. Yet they discharged the grand jury and now should be placed on the presumption of vindictive prosecution for bringing about the indictment No.# 1:17-CR-00296 (PKC) and calling it a superceding indictment under number 1:17-CR-00178 was superceded as a method to stop from asking why wasn't the evidence presented to my original grand jury.

(*Id*. at 2.) Liburd also points to (1) the involvement of Assistant United States Attorney Rena Paul in both cases, (2) the fact that the Superseding (S-1) Indictment did not actually supersede the Indictment in 17-CR-178 (but was filed in 17-CR-296), and (3) the reassignment of 17-CR-178

---

in 17-CR-178 seeking a "judicial inquisition" into the grand jury proceedings relating to the two cases. (*See*, *e.g.*, 17-CR-178, Dkt. 53.) Given the similarity and overlap between Liburd's filings in 17-CR-178 and this case, the Court cites from both sets of submissions.

[7] The Court quotes verbatim from Defendant's submissions and will refrain from noting spelling and grammatical errors.

[8] Although this submission suggests that Liburd is challenging the grand jury process in 17-CR-178, he waived any such challenge by pleading guilty. *See United States v. Bastian*, 770 F.3d 212, 217 (2d Cir. 2014) ("A 'defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings. A defect qualifies as jurisdictional only if it alleges that 'the face of the [defendant's] indictment discloses that the count . . . to which he pleaded guilty failed to charge a federal offense,' such that the district court 'lacked the power to entertain the prosecution.'" (alterations in original) (quoting *United States v. Garcia*, 339 F.3d 116, 117 (2d Cir. 2003) and *United States v. Kumar*, 617 F.3d 612, 620 (2d Cir. 2010))). In any event, as discussed below, there is no basis for challenging the grand jury process in either of Liburd's cases.

[9] The 17-CR-178 prosecution was originally assigned to the Honorable Allyne R. Ross and was later reassigned to the undersigned.

from Judge Ross to the undersigned, as demonstrating that he is the victim of "selective and vindictive" prosecution. (Dkt. 151, at 1-2.)

The Court denies Liburd's request for a "judicial inquisition" into the grand jury proceedings. Liburd has provided no basis for inspecting the grand jury proceedings in either this or his prior case. "The proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *United States v. Ulbricht*, 858 F.3d 71, 106 (2d Cir. 2017) (brackets and citation omitted), *abrogated on other grounds by Carpenter v. United States*, 138 S. Ct. 2206 (2018). Therefore, a defendant seeking the disclosure of grand jury material must demonstrate a "particularized need" for that material to "avoid a possible injustice in another judicial proceeding," and must also show "that the need for disclosure is greater than the need for continued secrecy[] and that [his] request is structured to cover only material so needed." *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979); *see United States v. Forde*, 740 F. Supp. 2d 406, 413 (S.D.N.Y. 2010) ("[A] defendant seeking disclosure of grand jury minutes has the burden of showing a 'particularized need' that outweighs the default 'need for secrecy' in grand jury deliberations." (quoting *United States v. Moten*, 582 F.2d 654, 662 (2d Cir. 1978))).

Defendant has failed to meet this burden. His beliefs about the grand jury proceedings in his two cases being corrupt or unfair, and his prosecution being selective and vindictive, are based on pure speculation, as well as a fundamental, though understandable, lack of familiarity with the federal criminal justice system. There is nothing improper or even suspicious about a case being reassigned from one district judge to another[10] or about the same prosecutor being involved in two

---

[10] In fact, the undersigned was assigned to an earlier prosecution related to both 17-CR-178 and 17-CR-296, and the general practice in this district is for related cases to be assigned to the district judge with the earliest filed case. (*See* Dkt. 33 (government letter indicating that 17-

4

cases involving the same defendant. Nor is there anything improper or suspicious about a defendant being indicted in two different cases. There is no requirement that the prosecutor seek a superseding indictment in a defendant's original case, especially where, as here, Liburd was the lone defendant in his original prosecution and the Superseding Indictment named him along with several co-defendants who were simultaneously being prosecuted in 17-CR-296.[11] Furthermore, Liburd had already pled guilty to the one count charged in 17-CR-178, effectively resolving that matter, by the time he was charged in 17-CR-296. Contrary to Liburd's belief, there is no legal requirement that the government present all of the evidence it might have about a defendant's criminal activities to the grand jury at the same time. In any event, Liburd offers nothing to suggest that the government withheld any evidence from the grand jury in either of Liburd's cases. (*See* Govt. Ltr., Dkt. 162, at 3 ("There is no evidence—or even a specific factual allegation—that the government failed to present evidence to the grand jury to support each of the indictments at issue.").)

Thus, because Liburd has failed to demonstrate a "particularized need" to inspect the grand jury proceedings in either of his cases, that request is denied.

## II. Motion for Change of Venue and Court's Recusal

Defendant seeks a change of venue and the recusal of "Judge Pamela K. Chen." (Dkt. 151; *see also* Dkt. 265.) Both requests are denied.

---

CR-178 and 17-CR-296 are related to *United States v. Armando Agousto*, 16-CR-168 (PKC) (VMS).)

[11] The Indictment in this matter case was returned on June 1, 2017 and named three defendants; Defendant was not one of them. Defendant was not named in this case until the return of the Superseding (S-1) Indictment on November 9, 2017. By then, he had already pled guilty in 17-CR-178.

5

In requesting a change of venue, Liburd seems to rely on the same arguments he makes in his grand jury inspection motion, suggesting that a change of venue is warranted because of the irregularities he perceived in the grand jury proceedings in both of his cases in this district. (*See* Dkt. 151.)  Under Federal Rule of Criminal Procedure 21(a), "the court must transfer the proceeding against [the] defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." Fed. R. Crim. P. 21(a).  However, alleged improprieties in the grand jury proceedings, even if established, do not provide a basis for changing venue *for the trial*. Rather, to justify a change in venue, a defendant "must show a reasonable likelihood that prejudicial news prior to trial will prevent a fair trial." *United States v. Sabhnani*, 599 F.3d 215, 232 (2d Cir. 2010) (internal quotation marks omitted) (quoting *United States v. Maldonado-Rivera*, 922 F.2d 934, 966–67 (2d Cir. 1990)). Here, Liburd neither alleges nor makes a showing of such prejudice. Therefore, there is absolutely no basis for a change of venue in this case.

Relatedly, Liburd asks the Court to recuse itself, citing fairness grounds. However, Liburd's only argument is that because the Court presided over the 17-CR-178 case—both accepting his guilty plea and sentencing him—it cannot be impartial with respect to this case. (Dkt. 151 (arguing that "it can not be reasonablly believed that said Judge does not have my prior admitted criminal conduct still held within the back of her mind and allowing it to obstruct her decisions and impartialness in this present prosecution").)  As the government correctly responds, however, "[t]hat is not a basis for recusal." (Dkt. 162, at 4.)  *See United States v. Bernstein*, 533 F.2d 775, 785 (2d Cir. 1976) (recusal not required for information judge learned "by . . . participation in the proceedings" (citation omitted)); *United States v. Pugliese*, 805 F.2d 1117, 1125 (2d Cir. 1986) (recusal not required based on comments judge made prior to dismissing

6

previous indictment against defendant); *Nat'l Auto Brokers Corp. v. Gen. Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978) (recusal not required where judge previously represented one of the parties in an unrelated matter); *United States v. Basciano*, No. 05-CR-60 (NGG), 2010 WL 4484366, *2–3 (E.D.N.Y. Nov. 1, 2010) (rejecting defendant's numerous recusal motions, and presiding over two of defendant's trials, despite defendant allegedly having sought to have the judge killed). Here, Liburd fails to identify anything the Court has said or done in either of his cases to even suggest bias toward him or a lack of impartiality. Indeed, as noted, in this case, the Court has granted Liburd's multiple requests for new counsel, and has also granted his request to withdraw his guilty plea, notwithstanding the heavy burden that a defendant bears with respect to such applications. (Memorandum & Order, Dkt. 226, at 3 (granting Liburd's plea withdrawal motion and noting, *inter alia*, that "[t]he standard for withdrawing a guilty plea is stringent." (quoting *United States v. Rose*, 891 F.3d 82, 85 (2d Cir. 2018))).) Liburd's argument that the Court will make decisions in this case based on its knowledge of the conduct Liburd admitted to in his prior case is sheer speculation that has not been borne out by anything that has transpired in either case. Thus, there simply is no basis to grant the recusal motion in this case.[12]

### III. Motion to remove surplusage from the Superseding Indictment

Defendant Liburd requests that the Court "formally remove all surplusage from [his] indictment" pursuant to Federal Rule of Criminal Procedure 7(d), alleging that the Superseding (S-1) Indictment "as it stands now is highly confusing and prejudic[ial] with numerous uncharged offenses." (Dkt. 153, at 1.)

---

[12] Liburd also seeks recusal and reassignment "due to the Judge's experience in criminal law," arguing that "the appointed judge in this case is a Civil Judge and . . . there shall be no reason for the Judge to have any interest in this case." (Dkt. 276, at ECF 1; *see also* Dkt. 265, at ECF 2.) Assuming Liburd is suggesting that the undersigned is *in*experienced in federal criminal law, that is factually incorrect. In any event, this argument has no basis in law.

Under Rule 7(d), on a defendant's motion, the Court may "strike surplusage from the indictment." Fed. R. Crim. P. 7(d). Such a motion, however, is "granted only where the challenged allegations are not relevant to the crime charged and are inflammatory and prejudicial." *United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990) (internal quotation marks and citation omitted) (finding that defendant must satisfy an "exacting standard" to prevail on a Rule 7(d) motion). Indeed, it is generally permissible for the indictment to refer to acts that may not be elements of, or necessary to prove, the charged crimes, such as Rule 404(b) evidence. *See United States v. Hernandez*, 85 F.3d 1023, 1030 (2d Cir. 1996) (declining to strike as surplusage overt acts referencing cocaine distribution where defendant was charged with heroin distribution conspiracy, because those acts tended to "establish the nature of the relationship" between co-conspirators and thus was admissible under Rule 404(b)); *United States v. Markoll*, No. 00-CR-133 (EBB), 2001 WL 173763, at *2–3 (D. Conn. Jan. 24, 2001) (denying motion to strike surplusage because challenged references were admissible to show defendants' methods of operation and as proof of, *inter alia*, plan under Rule 404(b)).

Here, Liburd fails to identify any surplusage in the Superseding Indictment. Even assuming that Liburd is referring to the language in the Superseding Indictment about the methods and means used by the alleged RICO enterprise and the acts its members agreed to commit, that language is not surplusage. Rather, as the government contends, this language "outlines the nature of the crimes charged, as well as relevant and direct evidence of those crimes." (Dkt. 162, at 5.) Indeed, far from being confusing or prejudicial, this language in the superseding indictment provides notice to Liburd and his co-defendants regarding the specific nature of the crimes with which they are charged, and reveals, in part, how the government will prove those crimes. Thus,

Liburd has failed to meet the "exacting standard" of demonstrating that there is surplusage in the Superseding S-1 Indictment. His motion to remove surplusage is therefore denied.

## IV. Motion to Dismiss the Superseding Indictment

Defendant Liburd moves to dismiss Counts One through Nine of the Superseding S-1 Indictment, alleging a lack of jurisdiction, the government's failure to provide discovery, and violations of unspecified Constitutional rights. (Dkt. 156.) That motion is denied.

First, with respect to jurisdiction, the Superseding S-1 Indictment was returned by a properly constituted grand jury. *See Costello v. United States*, 350 U.S. 359, 363 (1956) ("An indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits."). Furthermore, here, the Court has previously addressed and denied motions filed by Liburd and his co-defendants seeking to dismiss the racketeering-related counts of the superseding indictment, *i.e.*, Counts One through Six, finding that the superseding indictment sufficiently alleged a RICO enterprise and conspiracy. (*See* 7/29/19 Minute Entry (oral ruling denying motions to dismiss); Memorandum & Order, dated May 8, 2020, Dkt. 221 (explaining Court's 7/29/19 denial of Defendants' motions to dismiss).[13]) With respect to Counts Seven through Nine, which charge Liburd with crimes related to his efforts to obstruct a federal grand jury investigation, Liburd points to nothing to suggest that the Court lacks jurisdiction over those federal crimes. Accordingly, Liburd has not shown that the Court lacks jurisdiction over the Superseding S-1 Indictment.

Second, Liburd has failed to show that the government has failed to provide any required discovery. Nor has he provided any reason to question the government's representation that it

---

[13] As previously discussed, however, the Court later granted the government's request to dismiss Counts Two and Six, charging Liburd and his co-defendants with violations of Section 924(c). *See supra* note 5 (citing Dkt. 245).

"has provided extensive discovery in this case and will continue to do so in accordance with its statutory and Constitutional obligations according to the schedule set by the Court." (Dkt. 162, at 6.) To the extent Liburd seeks disclosure and preclusion of Rule 404(b) evidence (Dkts. 153, 156), that disclosure has been made and the admissibility of that evidence is being litigated by counsel for the government and Liburd—all pursuant to a schedule previously set by the Court. (*See* 9/22/21 Minute Entry; Dkts. 305, 306, 308.) In addition, to the extent Liburd is seeking "all evidence chain of custody reports including all federal subpoenas to state court for the turning over of state evidence collected for the State prosecution" (Dkt. 156, at 1), while he is not entitled to the grand jury subpoenas themselves, the Court presumes that the government has produced, or will produce in advance of trial, all chain-of-custody documentation relating to evidence, whether obtained by subpoena or otherwise, that the government intends to introduce at trial. Liburd has not identified any such report that has been withheld. Thus, Liburd's complaints about discovery fail to justify dismissal of the superseding indictment.

Lastly, with respect to Liburd's assertion that his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments have been violated, he offers nothing—neither legal nor factual allegations—for the Court to even consider. (*See* Dkt. 156, at 1 (stating only, "I'm asking for a judicial review into the government's prosecution of this case for violations of my constitutional rights protected under 4th, 5th, 6th and 14th amendments under the bill of rights of constitution.").) In his more recent filings, Liburd suggests that his constitutional rights were violated based on his indictment for two charges under 18 U.S.C. § 924(c), despite the Supreme Court's ruling in *United States v. Davis*, __U.S. __, 139 S. Ct. 2319 (2019). (*See, e.g.*, Dkts. 291, 293, 294, 295, 303.)[14]

---

[14] In his filing docketed on August 23, 2021, Liburd poses "questions" regarding the alleged violations of his constitutional rights, including, "Did the Government violate the 5th

10

Liburd's argument, however, appears to be based on his confusion about the import of *Davis* and its progeny. In *Davis*, the Supreme Court held that Section 924(c)'s residual clause, which defines a "crime of violence" to include any felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," 139 S. Ct. at 2324 (quoting 18 U.S.C. § 924(c)(3)(B)), is unconstitutionally vague, *id*. at 2336. Since *Davis*, the Second Circuit has specifically found that Section 924(c)(1)(A) charges predicated on RICO and Hobbs Act robbery conspiracy charges are constitutionally invalid. *See United States v. Barrett*, 937 F.3d 126, 127 (2d Cir. 2019); *see also United States v. Martinez*, 991 F.3d 347, 354 (2d Cir. 2021) ("We can assume that the [RICO] conspiracy violation is *not* a crime of violence under the force clause because, as the Supreme Court's decision in *Davis* reasoned, a conspiracy offense cannot categorically involve the use of force, since its key element is simply an *agreement* to commit a crime." (citing *Davis*, 139 S. Ct. at 2325, and *Barrett*, 937 F.3d at 127)). While Liburd is correct that *Davis* and its progeny support the dismissal of his Section 924(c) charges that were predicated on these types of conspiracies, *i.e.*, Counts Two and Six of the Superseding S-1 Indictment (which have been dismissed), he incorrectly argues that the conspiracy offenses that served as the predicate offenses for the now-dismissed § 924(c) counts—*i.e.*, RICO and murder-in-aid-of-racketeering conspiracies—must also be dismissed. (*See*, *e.g.*, Dkt. 303.) As this Court previously found, the superseding indictment properly charges the RICO conspiracy based on the following racketeering activity:

---

Amendment's double jeopardy clause by imposing multiple 'crime of violence' charges in the same indictment for the same criminal conduct?" (Dkt. 303 at ECF 6.) Defendant poses a similar question with respect to the Due Process Clause and the "'crime of violence' allegation." (*Id*.) The Court notes that the Superseding S-1 Indictment was returned in November 2017, long before the *Davis* decision.

11

(1) obstruction of justice, witness tampering, and Hobbs Act robbery and robbery conspiracy; (2) acts involving state law murder, extortion, and robbery; and (3) narcotics offenses. (Dkt. 221 at 1 (citing S-1 Indictment, Dkt. 32, at ¶¶ 6–9).) The Court also found that Liburd and his co-defendants were properly charged with the substantive offenses of murder in aid of racketeering and murder conspiracy, in connection with the murder of Antwon Flowers. (*Id*. (citing Dkt. 32 at ¶¶ 11–20).) The fact that the Section 924(c) charges that were predicated on these properly charged RICO and murder conspiracies were dismissed does not affect the validity of the predicate RICO and murder conspiracy charges themselves. In other words, these conspiracy crimes never needed to be "crimes of violence" to be indictable felony offenses, and thus post-*Davis*, they remain so. Furthermore, there was nothing improper or unconstitutional about the government obtaining the Superseding S-1 Indictment containing the two Section 924(c) charges in Counts Two and Six against Liburd, since that indictment was returned over a year before the Supreme Court's decision in *Davis*. Thus, Liburd has not established any violation of his constitutional rights in this case.

## V.     Request for an Evidentiary Hearing

Defendant Liburd requests an "evidentiary hearing in order for the defendant to be informed of [the] nature and cause of the accusation." (Dkts. 276; *see also* Dkt. 291.) However, Liburd was arraigned on the Superseding S-1 Indictment in November 2017 by the Honorable Lois Bloom. (Dkt. 45.) The Court presumes that, at the arraignment, Judge Bloom, at a minimum, confirmed that Liburd had reviewed the superseding indictment with his attorney and that either Liburd waived a formal reading of the superseding indictment or Judge Bloom read it verbatim. In any event, Liburd fails to explain why an "evidentiary hearing" is warranted to inform him of the charges. To the extent Liburd wants to know what evidence the government will seek to

introduce to prove those charges, as previously discussed, he has received "extensive discovery" as to that evidence, including the disclosure of "other or prior bad act" evidence, and is not entitled to a pretrial hearing for that purpose.

## CONCLUSION

For the foregoing reasons, the Court denies Defendant Michael Liburd's *pro se* motions in their entirety.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 3, 2021
       Brooklyn, New York