| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |

UNITED STATES,

– against –

MICHAEL LIBURD,

           Defendant.

1:17-cr-00296-ERK

KORMAN, J.:

To the extent I can do so without first hearing the evidence developed at trial, I will resolve the admission of evidence the government seeks to proffer in short memoranda in advance of trial. I will dispose of two such evidentiary disputes here.

I agree with the government that the 911 recording constitutes both a present sense impression and an excited utterance under Federal Rules of Evidence 803(1) and (2) as I set forth in my opinion *United States v. Mejia-Valez*, 855 F. Supp. 607, 613 (E.D.N.Y. 1994). It will therefore be admissible at trial.

As to the sworn statements the defendant made during the proceeding for his now-withdrawn guilty plea, these statements are not admissible as part of the government's case-in-chief nor as impeachment evidence. Federal Rule of Evidence 410(a) bars the admission of a withdrawn guilty plea as well as statements made during the proceedings involving such a plea. Since the government does not assert that the defendant waived his right not to be impeached by statements made during plea proceedings, these statements will not be admitted. *See United States v. Mezzanatto*, 513 U.S. 196, 200 & n.2 (1995) ("We certainly agree that the Rules give a defendant the right not to be impeached by statements made during plea discussions."); *United States v.*

*Lawson*, 683 F.2d 688, 693 (2d Cir. 1982) ("Congress[] explicit[ly] inten[ded] to preclude use of statements made in plea negotiations for impeachment purposes.").

The government is directed to provide me with photographic evidence of the crime scene, so that I can rule on the admissibility of that evidence.

**SO ORDERED.**

Brooklyn, New York
November 12, 2021

*Edward R. Korman*
Edward R. Korman
Senior United States District Judge